NO. 12-01-00344-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


AARON SEARS,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Aaron Sears ("Appellant") appeals his conviction for aggravated assault of a public servant,
for which he was sentenced to imprisonment for thirty-six years. Appellant raises one issue on
appeal. We affirm.


Background

 Appellant was indicted for aggravated assault of a public servant. Charles Horton
("Horton"), a volunteer fireman and Emergency Medical Technician for Dixie Volunteer Fire
Department, testified that while he was fighting a house fire, he was almost run over by a car driven
by Appellant. Horton testified that Appellant drove the car over the front steps and into the burning
house within which he was standing. Horton further testified that he felt threatened and feared for
his life. 

 During trial, the State of Texas (the "State") called Appellant's mother, Ida Mae Sears ("Ida
Mae"). Upon a request by Appellant's trial counsel, Ida Mae was instructed not to testify with regard
to Appellant's prior convictions and acts of misconduct. However, during his cross-examination of
Ida Mae, Appellant's trial counsel asked, "Ms. Sears, would you consider Aaron's behavior on
March the 18th of this year to be normal for Aaron or abnormal for Aaron?" Ida Mae answered,
"Abnormal," and Appellant's trial counsel passed the witness. The prosecuting attorney argued to
the trial court that Appellant's trial counsel had "opened the door" by way of his last question. The
trial court agreed and the State was permitted to question Ida Mae regarding Appellant's prior
convictions and acts of misconduct. Ultimately, Appellant was found guilty as charged and
sentenced to imprisonment for thirty-six years.


Ineffective Assistance of Counsel

 In his sole issue, Appellant contends that his trial counsel was ineffective because he "opened
the door" allowing the State to elicit testimony of prior bad acts. The proper standard by which to
gauge the adequacy of representation by counsel is articulated in Strickland v. Washington, 466 U.S.
668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). The test set forth in Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e. did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome." Id. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to overcome that
presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet. ref'd). 
The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 In the case at hand, Appellant argues at length as to why his trial counsel's questioning Ida
Mae about Appellant's abnormal behavior constituted an act falling below the professional norm. 
However, even assuming arguendo that Appellant's trial counsel's action, as noted in Appellant's
brief, satisfied the first prong of the Strickland test, Appellant must still affirmatively prove
prejudice. See Burruss, 20 S.W.3d at 186. It is not enough for the appellant to merely show that
the errors had some conceivable effect on the outcome of the proceedings. Id. 

 Repeated readings of Appellant's brief uncover no argument addressing the second prong of
the Strickland test. We iterate that the burden of proof as to this issue rests squarely upon Appellant. 
See Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions
absent some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional
errors, there exists a reasonable probability that the result of the proceedings would have been
different. Therefore, since Appellant has failed to satisfy his burden under Strickland, we hold that
he was not denied his right to effective assistance of counsel. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered August 14, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Gohmert, Jr., C.J., not participating











(DO NOT PUBLISH)